UNITED STATES DISTRICT COURT                  FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

    - against -                                          MEMORANDUM
                                                          06-CR-368 (JG)
ANDRE WILLIAMS,
       also known as "Andre A.
       Williams," "Andre William,"
       "Juvy Williams" and "Dre,"

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

APPEARANCES:

       ROSLYNN R. MAUSKOPF
           United States Attorney
           Eastern District of New York
           147 Pierrepont Street
           Brooklyn, NY 11201
       By:    Elizabeth A. Latif
           Assistant U.S. Attorney

       FEDERAL DEFENDERS OF NEW YORK, INC.
       16 Court Street, 3rd Floor
       Brooklyn, NY 11241
       By:    Mildred M. Whalen
           Attorneys for Defendant

JOHN GLEESON, United States District Judge:

       Andre Williams has been charged with two federal firearms crimes. Count One charges him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); Count Two charges him with possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). He has moved to strike language from Count One that would subject him to a fifteen-year mandatory minimum prison term pursuant to the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e), and to the corresponding enhancement in U.S.S.G. § 4B1.4. On October 30, 2006, I informed the parties of my ruling that neither the statutory minimum sentence nor the guidelines enhancement is applicable to Williams. This memorandum sets forth the reasons for that decision.

BACKGROUND

A.   The Arrest and Charges

New York City police officers arrested Williams on May 6, 2006 in Brooklyn for possession of a firearm. As mentioned above, Williams was charged federally with being a felon in possession of a firearm, and that charge includes the additional allegation that he had previously been convicted of three felonies that render him eligible for the enhancement set forth in 18 U.S.C. § 924(e) and U.S.S.G. 4B1.4.[1] Under § 924(e), a defendant convicted of being a felon in possession faces a mandatory minimum sentence of fifteen years in prison if he "has three previous convictions . . . for a violent felony or a serious drug offense." The statute's definition of a "serious drug offense" includes drug offenses under state law "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

B.   The Previous Convictions

On July 3, 1990, Williams was convicted in New York Supreme Court of attempted criminal sale of a controlled substance, which is defined as a "C" felony. N.Y. Penal Law § 110 (McKinney 1965); N.Y. Penal Law § 220.39(01) (McKinney 1973). At the time of conviction, a C felony drug conviction in New York carried a maximum term of imprisonment of

---

[1]   Because § 4B1.4 by its terms applies only if the defendant is subject to § 924(e)'s mandatory minimum sentence, from this point forward I will address only the latter provision.

2

fifteen years. *See* N.Y. Penal Law § 70.00(2)(c) (McKinney 1965). Williams was sentenced to a six-month term of imprisonment and five years of probation for this conviction.

On August 2, 1993, Williams was convicted in New York Supreme Court of two additional felonies: assault in the first degree, committed on November 8, 1991; and robbery in the first degree, committed on March 7, 1993. He received concurrent sentences of six to twelve years in prison on each of those convictions.

C. The Rockefeller Drug Law Reform Act and Williams's Motion

In 2004, New York passed the Rockefeller Drug Law Reform Act, lowering sentences for certain drug offenses, including C felony drug offenses. *See* N.Y. Penal Law § 70.70 (McKinney 2004); 2004 N.Y. Laws Ch. 738 (effective January 13, 2005) (hereinafter "Reform Act"). The Reform Act reduced the maximum term of imprisonment for a C felony drug offense from fifteen years to five and one-half years. *See* § 70.70(2)(a)(ii). The sentences related to non-drug C felonies were not affected by the legislation.

With limited exceptions for A-I and A-II felons, the ameliorative effects of the Reform Act are prospective only. The reduced maximum sentences do not apply to defendants who committed their crimes prior to the effective date of the statute, January 13, 2005. *See People v. Utsey*, 2006 WL 2689695, *2 (N.Y. 2006) (Kaye, J.).[2]

Williams argues that because C drug felonies in New York now carry a maximum sentence of five and one-half years, they no longer meet the definition of a "serious drug offense" pursuant to § 924(e)(2)(A)(ii), and thus he should not be subject to that statute's sentencing

---

[2] The Reform Act does include certain "ameliorative provisions designed to afford distinct sentencing relief to defendants who committed their crimes prior to its effective date," such as an additional "merit time reduction" and early parole termination. *See* 2006 WL 2689695 at *2.

enhancement provisions.[3] The government asserts that the enhancement should apply because New York law prescribes a maximum sentence of greater than ten years where, as here, a C drug felony was committed prior to January 13, 2005.

## DISCUSSION

A.  The Procedural Issue

A court determines at the sentencing stage of the case whether a defendant is subject to the fifteen-year mandatory minimum sentence of § 924(e); this is not an issue for the jury. *See United States v. Massey*, 461 F.3d 177, 179 (2d Cir. 2006). The government contends that I should not decide the issue unless and until Williams is found guilty. But the government has not identified any prejudice to it if I decide this sentencing issue before an adjudication of guilt, and there is an obvious benefit to Williams in having that information as he decides whether to negotiate a guilty plea or head to trial. I see no harm in telling Williams my view of the issue now.

B.  The Merits of Williams's Motion

1.  *The Plain Meaning of § 924(e)*

As described above, 18 U.S.C. § 924(e)(1) sets a mandatory minimum of fifteen years in prison if a defendant convicted under § 922(g) "has three previous convictions . . . for a violent felony or serious drug offense . . . .." In relevant part, § 924(e)(2) defines a "serious drug offense" as an offense charged under a state law that prohibits the distribution of a controlled

---

[3] Williams argues that his two violent felony offense convictions would be considered as one by the state of New York, removing him from § 924(e) eligibility on that additional ground as well. Because I agree with Williams's first argument, I need not reach the second one.

4

substance "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

Beginning as I must with the text, I conclude that it disposes of the government's argument. Its plain meaning limits the qualifying state drug convictions to those for which a maximum term of imprisonment of ten years or more *is* prescribed by law. There is no linguistic or (as discussed more fully below) logical basis for reading the statute to embrace those state drug convictions for which a maximum term of imprisonment of ten years or more *was* prescribed by law, or is prescribed by law *if the defendant committed the offense prior to a certain date*. In short, "is" means "is," not "is or was" or "is, depending on the chronology of events."

The government contends that if Williams were sentenced today in state court for the 1990 drug conviction, he would still be subject to the pre-Reform Act state penalties. Therefore, the argument continues, I must conclude that a term of imprisonment of ten years or more *is* prescribed by law *with respect to Williams*, thereby satisfying § 924(e). In other words, the government would have me read the statute as defining "serious drug offense" to mean an offense for which a maximum term of imprisonment of ten years or more is prescribed by law *for that particular defendant if he were to be resentenced*. But that is not what the statute says. Just as the Court may not read the word "is" to say "is, as long as the crime was committed before January 13, 2005," it cannot properly add the qualifying language advocated by the government. The statute defines what is "serious" by reference to what the prescribed sentence for the prior crime is -- a plain instruction simply to look at the current statutory penalty -- not by reference to

5

what it could or would be if applied today in the convoluted circumstances hypothesized by the government.

As suggested above, I recognize the fact that the maximum sentence prescribed by New York law for a C drug felony *is* fifteen years *if* the offense was committed anytime prior to January 13, 2005. I also recognize that Williams's offense occurred before that date. But § 924(e)(2)(A)(ii)'s resort to state law maximum sentences to determine seriousness is generic. Congress could have employed the maximum sentence prescribed for the defendant (either at the time of the prior offense or now). It could also have employed the maximum sentence prescribed for any defendant who committed the offense on the date in question. But it chose neither of those options, adopting instead a definition of "serious drug offense" that refers, with respect to state convictions, simply to the maximum sentence that "is prescribed by law" for the offense the defendant committed. As a result of the Reform Act, a maximum sentence of five and one-half years is prescribed for the C drug felony committed by Williams in 1990.

My conclusion accords with the commonsense assessment of what the Reform Act accomplished. On the day it was signed, the New York State Division of Criminal Justice Services issued a press release describing its effects.[4] It included a chart that contrasted the sentences available for first time drug offenders under the "Old Law" and the "New Law." For first time C drug felons, the "New Law" prescribes a five and one-half year maximum. *Id*. That is the maximum sentence that is now prescribed by New York law. That a dwindling class of offenders may still be subject to sentencing under the "Old Law" does not alter the fact that it is the old law.

---

[4] *See* http://criminaljustice.state.ny.us/pio/press_releases/2004-12-15_pressrelease.htm.

To the extent that the Fifth and Fourth Circuits have found otherwise, I respectfully disagree with those rulings. In *United States v. Hinojosa*, 349 F.3d 200, 205 (5th Cir. 2003), the court concluded from the nonretroactivity of a Texas drug reform statute that the defendant's prior convictions were serious drug offenses for the purposes of § 924(e) because "if he were sentenced by the state court for those crimes today, he would still be subject to a maximum term of at least ten years." Similarly, in *United States v. Williams*, 57 Fed.Appx. 553, 556 (4th Cir. 2003), the court found that for the purposes of § 924(e), a sentence of more than two years "is prescribed" by North Carolina as long as the defendant would be subject to such a penalty if he "were to be tried and convicted today for the crimes he committed in 1990 and 1991."

In contrast, the Sixth Circuit has read § 924(e) to define a prior state court drug conviction as "serious" only where the offense carries a sentence of ten years or more at the time of the federal sentencing. *See United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994) (declining to find that the defendant's prior drug convictions were serious drug offenses for the purposes of § 924(e) because "[a]t the time the defendant was being sentenced in this case, the state of Tennessee did not consider [the defendant's conduct] serious enough to impose a ten-year sentence."). *Morton* found that "[t]he question is at least ambiguous and therefore, under the rule of lenity, should be resolved in the defendant's favor." *Id*.

In my view, there is no basis to resort to the rule of lenity here. The plain meaning of § 924(e) excludes Williams's 1990 drug offense from consideration. It cannot be said that a maximum term of more than ten years "is prescribed by law" for the crime he committed in 1990, because a maximum term of five and one-half years is prescribed by law.

7

*Hinojosa* and *Williams* reach a different result only by reading § 924(e) to say that a serious drug offense according to state law is one for which a maximum term of ten years or more *was* prescribed by law and the defendant would face the old maximum if he (somehow) were to be resentenced today. There is no justification for adding that extra baggage to § 924(e). Those rulings do not accord with the plain meaning of the statute.

    2.    *Interpreting § 924(e) in Light of State Sentencing Policy*

Even if § 924(e) were ambiguous, the rule of lenity would not be necessary to a construction in favor of the defendant. The statute obviously looks to state sentencing policy in order to determine whether a state drug conviction is "serious" for the purposes of its mandatory fifteen-year sentence. S*ee United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994) ("[B]y looking at state sentencing law, § 924(e) leaves the standard by which to judge the seriousness of a state drug conviction to the policy of the state."); *United States v. Hammons*, 438 F. Supp. 2d 125, 128 (E.D.N.Y. 2006) ("Rather than determining the seriousness of state felonies based on the length of the actual sentence, amount of drugs or any other measure, ACCA instead relies on the state's indication of the seriousness of the crimes through its sentencing policies.").

The Reform Act reflects the New York legislature's determination that certain drug crimes, including C drug felonies, are not serious enough to warrant the harsh sentences prescribed by the laws enacted during the tenure of former Governor Nelson Rockefeller. *See Hammons*, 438 F. Supp. 2d at 128-30 (discussing the legislative history of the Reform Act, including a legislative memorandum criticizing the "inordinately harsh punishment" for drug offenders provided by the Rockefeller Drug Laws). *See also* Governor's State of the State

8

Address delivered January 7, 2004, 2004 McKinney's Session Law News of N.Y., No. 1, at A-14 (Apr. 2004) ("The Rockefeller Drug Laws allow non-violent drug offenders to be more severely punished than rapists. We need to change that. Let's reform these antiquated laws this year.").

Whatever one thinks about the wisdom of adopting prescribed maximum sentences (as opposed to, for example, the sentences actually imposed) as a measure of the seriousness of a defendant's prior conviction, it makes no sense to adopt the *discarded* maximum sentences, such as those in place before the Reform Act. Assessing the gravity of Williams's 1990 conviction by the measure Congress chose in § 924(e) -- the normative judgment of the New York legislature, as evidenced by the maximum sentence currently prescribed by the law Williams violated -- the conviction is not a serious drug offense for the purposes of § 924(e). *See Hammons*, 438 F. Supp. 2d at 138.

That the Reform Act operates only prospectively for state sentencing purposes has no bearing on the issue. In federal courts, judges imposing sentence apply the law as it exists at the time of sentence, not at the time of the offense. *See* 18 U.S.C. §§ 3553(a)(4)-(5); U.S.S.G. § 1B1.11. The only exceptions to that rule are when the law has been changed to the defendant's disadvantage since the time of the offense, *see, e.g.*, *United States v. Keller*, 58 F.3d 884, 890-93 (2d Cir. 1995), or when the sentence is a resentence on remand from the court of appeals, *see* 18 U.S.C. § 3742(g). Thus, the use of the phrase "is prescribed by law" in § 924(e)'s definition of a serious drug offense is wholly consistent with the principle that sentencing generally focuses on the state of the law on the day sentence is imposed. Against that backdrop, it would be odd indeed to construe § 924(e) to prescribe a contrary baseline, that is, to require the sentencing court to consider the state of New York law at the time of Williams's 1990 offense, rather than

9

today. Even if the language of the statute arguably accommodated that result, I would not strain to produce it, as it contradicts my deeply-ingrained instinct that it's today's law that matters when a defendant is sentenced, not yesterday's.

Moreover, there is no reason to believe that the nonretroactivity of the Reform Act reflects a state legislative view that pre-Reform Act drug felonies were categorically more serious than those taking place after it was enacted. As Judge Trager suggested in *Hammons*, it is far more likely that the nonretroactivity decision was based on problems of administration. *See Hammons*, 438 F. Supp. 2d at 130 ("Were the statute made fully retroactive to all classes of felonies, implementing this provision to possibly thousands of cases would be an enormous burden on the state court system.").[5]

4. *The Rule of Lenity*

Finally, to the extent that § 924(e)(2)(A)(ii) may be construed as ambiguous, the rule of lenity requires adoption of the construction that favors the defendant. *See United States v. Bass*, 404 U.S. 336 (1971) ("[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." (internal citations omitted)). It cannot reasonably be argued that § 924(e) *unambiguously* provides that a maximum sentence of ten years or more "is prescribed by law" for a C drug felony. Thus, even if

---

[5] The fact that New York made resentencing available to a limited class of drug felony offenders does not suggest otherwise. To the contrary, extending such relief to those facing the harshest of the Rockefeller law sentences is consistent with the spirit of the statute even as it protects state courts from an administratively burdensome rush of petitions for resentencing. Of the 15,500 drug offenders in prison at the time the Reform Act was enacted, only 473 A-I drug felony offenders could attempt to seek resentencing in accordance with the terms of the statute. *See* William Gibney, *One Year Later, New York's Experience with Drug Law Reform*, The Legal Aid Society of New York, Dec. 14, 2005, at 3-8; *see also* 2004 N.Y. Laws Ch. 738 § 23. In October 2005 the legislature modestly expanded this group to include approximately 550 A-II drug felony offenders. Gibney, *supra*, at 5; 2005 N.Y. Laws Ch. 643. However, resentencing is not an option for the remainder of drug felons in state prisons.

such a result comported with the plain terms and purpose of the federal statute, the rule of lenity would forbid it. *See Morton*, 17 F.3d at 915.

## CONCLUSION

Instead of straining to interpret § 924(e)(2)(A)(ii) to mean that something other than a five and one-half year maximum sentence "is prescribed by law" for a C drug felony in New York, I choose to give the statute its plain meaning. The result -- a holding that such a crime is no longer a "serious drug offense" within the meaning of 924(e) -- is consistent with both the purpose of the Reform Act and the rule of lenity. Accordingly, I conclude that Williams's 1990 drug conviction is not a serious drug offense pursuant to § 924(e); if he is convicted, he shall not face the sentencing enhancements in that statute or in U.S.S.G. § 4B1.4.

John Gleeson, U.S.D.J.

Dated: November 13, 2006
      Brooklyn, New York